UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| STEVEN D. LOWE, ) | |
| ) | |
| Petitioner, ) | Civil Action No. |
| ) | 5:15-CV-44-JMH |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| MICHELLE RANKIN, JAILER, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Steven D. Lowe is an inmate confined by the Bureau of Prisons ("BOP") in the Petersburg Medium Federal Correctional Institution ("FCI") located in Hopewell, Virginia.[1] Proceeding without counsel, Lowe has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the manner in which the BOP has calculated his federal sentence. [R. 1] Lowe contends that the BOP erroneously refuses to credit his federal sentence with prior custody credit for approximately ten months (304 days) of time that he spent in state detention between January 21, 2010, and November 12, 2010.

---

[1] *See* http://www.bop.gov/inmateloc/ (last visited on June 17, 2015). When Lowe filed this § 2241 proceeding on February 11, 2015, he was confined in the Woodford County Detention Center located in Versailles, Kentucky. *See* Return Envelope, R 1-2. At some point thereafter, Lowe was transferred to the Petersburg Medium FCI. Lowe did not notify this Court of his change of address, despite having been specifically instructed to do so in the Deficiency Order entered herein on February 24, 2015. *See* R. 3, p. 2, ¶ 4 ("Lowe must keep the Court informed of his current mailing address. **Failure to do so may result in the dismissal of this action**.") (Emphasis in original). Even so, this Court must address Lowe's § 2241 petition, because jurisdiction over a § 2241 petition is determined at the time the proceeding is filed, and the subsequent transfer of the prisoner will not defeat habeas jurisdiction. *White v. Lamanna*, 42 F. App'x 670, 671 (6th Cir. 2002); *Walker v. Hogsten*, No. 10-CV-276-ART, 2011 WL 2149098, at \*2, n.2 (E.D. Ky. May 31, 2011)

1

In conducting an initial review of habeas corpus petitions under 28 U.S.C. § 2243, the Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Lowe's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), overruled on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007).

Thus, at this stage of the proceedings, the Court accepts Lowe's factual allegations as true, and liberally construes his legal claims in his favor. Having reviewed the § 2241 petition, however, the Court must deny it because Lowe has not set forth grounds entitling him to the credit which he requests be applied to his federal sentence.

### BACKGROUND
#### 1. Lowe's State and Federal Sentences

The following is a chronological summary of Lowe's state and federal convictions, based on his § 2241 petition, the attachments thereto, and information contained in the federal judiciary's PACER online database.

**March 30, 2008**: Lowe was arrested and a criminal proceeding was commenced in the Kenton County Circuit Court (Covington,

2

Kentucky).  *Commonwealth of Kentucky v. Steven D. Lowe*, Case No. 08-CR-440 ("the First State Case").

**June 5, 2008**:  Lowe was indicted in the First State Case and charged with being a Felon in Possession of a Firearm and with being a Persistent Felony Offender ("PFO").

**September 9, 2008**:  Lowe entered a guilty plea in the First State Case.

**December 1, 2008**:  Lowe was convicted of being a Felon in Possession of a Firearm in the First State Case, and was sentenced to serve a 5-year prison term.[2]

**June 17, 2009**:  Lowe was charged in the Hickman County Circuit Court (located Clinton, Kentucky) with promoting contraband in violation of KRS 520.050, and with being a PFO in violation of KRS 532.080.  *Commonwealth of Kentucky v. Steven D. Lowe*, Case No. 09-CR-23 ("the Second State Case").

**August 7, 2009**:  Lowe was indicted in the Second State Case on both the contraband and PFO charges.

**September 3, 2009**:  Lowe pleaded guilty in the Second State Case to the contraband and PFO charges.

**September 17, 2009**:  Lowe was convicted in the Second State Case of Promoting Contraband in the First Degree, and was sentenced to serve an 18-month prison term, which was ordered to run consecutively to the 5-year sentence previously imposed in the

---

[2] The PFO charge in the First State Case was dismissed.

First State Case.[3]  Section 4 (C) of the *Judgment and Sentence on Guilty Plea* entered in the Second State Case provided that Lowe was to be delivered to the custody of the Kentucky Department of Corrections ("KDOC") "… at such location within this Commonwealth as Corrections shall designate."

**November 19, 2009**:  Lowe was indicted in the United States District Court for the Eastern District of Kentucky, Covington Division.  *United States v. Steven D. Lowe*, No. 2:09-CR-88-DLB-JGW (E. D. Ky. 2009) [R. 3, therein] ("the Federal Case").  The Indictment charged that on or about **June 24, 2008**, Lowe and others had conspired to knowingly and intentionally distribute, and to possess with the intent to distribute, fifty grams or more of a mixture or substance containing cocaine base ("crack cocaine"), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Magistrate Judge J. Gregory Wehrman issued an arrest warrant for Lowe on the same date.  [R. 17, therein]

**December 23, 2009**:  A writ of *habeas corpus ad prosequendum* was issued in the Federal Case, directing the Jailer of the Hickman County Detention Center to deliver Lowe to the custody of the United States Marshals Service ("USMS") of the Eastern District of Kentucky, to ensure Lowe's personal appearance at the January 21, 2010, arraignment and other proceedings in the Federal Case.  [R. 10, therein]

---

[3] The PFO charge in the Second State Case was dismissed.

4

**March 12, 2010**: Lowe pleaded guilty in the Federal Case to Conspiracy to Distribute and Possess with Intent to Distribute fifty Grams or More of Cocaine Base/Crack Cocaine. [R. 22-24]

**November 12, 2010**: Lowe's plea agreement in the Federal Case was accepted, and Lowe was sentenced to serve a 76-month prison term in the BOP's custody. [R. 36-37, therein] The Judgment entered in the Federal Case specified that Lowe's 76-month federal sentence was to run concurrently with the sentences imposed in both the First State Case and the Second State Case. [R. 39, p. 2 therein][4]

**April 2, 2011**: Lowe was released from state custody and was relinquished to federal custody.

### 2. Lowe's Administrative Appeals

In August 2011 Lowe was confined in the Federal Correctional Institution ("FCI") located in Lompoc, California. At that time, he began administratively exhausting his request seeking credit on his federal sentence (for time which he spent in state detention between January 21, 2010, and November 12, 2010) pursuant to the BOP's administrative remedy procedures set forth in 28 C.F.R. §§ 542. 14-15.  *See* attachment to § 2241 Petition, [R. 1-1, p. 1].

On September 27, 2011, Linda Sanders, Warden of the FCI-Lompoc, denied Lowe's BP-9 remedy request, stating that Lowe was

---

[4] The Court recommended that Lowe participate in a 500-hour Residential Drug Treatment Program while incarcerated, if eligible; that he participate in all vocational training while incarcerated; and that he be designated to the Federal Correctional Institution located in Morgantown, West Virginia. [*Id.*]

5

eligible to receive only prior custody credit for time served in state custody between June 24, 2008 (the date on which his federal conspiracy offense ended) and December 1, 2008 (the date on which he was sentenced in the First State Case); that the ten months/304 days of credit which Lowe was seeking had been applied to his two state sentences; and that the BOP had properly calculated his federal sentence. [*Id.*, p. 2]

Lowe then appealed to the BOP's Regional Office, although he did not attach a copy of his appeal to his § 2241 petition. On November 15, 2011, Robert E. McFadden, the BOP's Regional Director, denied Lowe's BP-10 appeal. [*Id.*, p. 3] McFadden explained that the time which a prisoner spends in custody pursuant to a writ of *habeas corpus ad prosequendum* is not considered time spent in federal custody for the purpose of crediting presentence time; that during that ten-month period between January 21, 2010, and November 12, 2010, Lowe was in the primary custody of the Commonwealth of Kentucky; and that the federal court had merely secondarily "borrowed" Lowe under the writ to ensure his presence during proceedings in the Federal Case. [*Id.*]

McFadden also concluded that the only pre-sentence credit which Lowe was eligible to receive was for the 160-day period between June 24, 2008 (the date on which his federal conspiracy offense ended) and December 1, 2008 (the date on which he was sentenced in the First State Case). McFadden identified that award

as "Willis" credits, based on the holding announced in *Willis v. United States*, 438 F.2d 923(5th Cir. 1971). [*Id*.] McFadden further explained that Lowe's federal sentence was not imposed until November 12, 2010, and that no federal sentence can begin to run before it is imposed; that the ten-month/304-day period for which Lowe was seeking credit represented the time that he had spent serving his two state sentences; and that under 18 U.S.C. § 3583(b), a federal prisoner cannot receive "double" credit for time which has already been applied to another sentence. [*Id*.]

Lowe then appealed to the BOP Central Office. [*Id*., p. 4] On March 27, 2012, Harrell Watts, Administrator of the National Inmate Appeals, denied Lowe's final (BP-11) appeal. [*Id*., pp. 5-6] Watts agreed with the analyses and conclusions of both Sanders and McFadden, stating that Lowe was not entitled to "double" credit toward his federal sentence for the 10-month period between January 21, 2010, and November 12, 2010, as such a result would violate 18 U. S. C. § 3585(b). [*Id*., p. 5] Watts noted that because Lowe's federal sentence was ordered to run concurrently with his two state sentences, the BOP had granted a *nunc pro tunc* designation of the state prison where Lowe had served his state sentences, which allowed Lowe's federal sentence to commence at an earlier date.

According to the BOP's website, Lowe's projected release date is January 13, 2017. *See* http://www.bop.gov/inmateloc/ (last visited on June 17, 2015).

7

**CLAIMS ASSERTED IN THE § 2241 PETITION**

In his § 2241 petition, Lowe seeks credit on his federal sentence for the ten months/304 days of time that he served in state custody between January 21, 2010, and November 12, 2010. Lowe claims that the BOP is erroneously refusing to credit his federal sentence with this time period. Lowe claims that he is entitled to the credit because this Court either recommended or ordered such a result in the Federal Case. Lowe states:

> This Court granted Defendant's sentence be commenced on January 21, 2010, and continue forward until completed. Defendant has received no credit for (304) days' the time between January 21, 2010, and November 12, 2010. Defendant prayfully petitions this Court to amend his sentence downward by (304) days; the exact number discrepancy.

[R. 1, p. 1]  On this point, Lowe further alleges:

> The Judge's Order included the Defendant be granted credit starting on January 21, 2010.  The day the Defendant arrived at the Boone County Detention Center on the federal writ.
>
> He credited him with the (304) days.  The denial of the applicable Jail time credit awarded by the Justice of the Court.

[*Id.*, p. 2]

Lowe claims that as a result of the BOP's refusal to properly credit his sentence in the manner dictated by this Court, he is being required to serve a longer than necessary sentence, in violation of his right to due process of law guaranteed under the Fifth Amendment of the U.S. Constitution.  He seeks an order

8

directing the BOP to credit his federal sentence with ten months/ 304 days of prior custody credit between January 21, 2010, and November 12, 2010.

## DISCUSSION

Lowe's assertions that this Court ordered the BOP either to credit his federal sentence with 304 days of prior custody credit, or to designate his federal service commencement date as January 21, 2010, are patently incorrect. First, no order was ever entered in the Federal Case which even recommended that Lowe should receive 304 days of pre-sentence credit toward his federal sentence. The Judgment entered in the Federal Case on November 12, 2010, ordered Lowe's federal sentence to run concurrently with his two prior state sentences. The federal Judgment recommended **only** that Lowe participate in drug rehabilitation and vocational programs, and that he be incarcerated at a BOP facility in West Virginia.

On November 6, 2012, Lowe filed a motion in the Federal Case to amend his federal sentence based on the same argument which he asserts in this § 2241 proceeding. *See* R. 40, therein. The next day, the Court entered an Order denying Lowe's motion without prejudice, and advising Lowe that he was free to file a § 2241 habeas petition in federal court in Virginia, where he was confined at that time. [R. 41, therein]

On February 6, 2015, Lowe filed another motion in the Federal Case, in which he *again* challenged the manner in which the BOP had

9

calculated his sentence. [R. 42, therein] On February 11, 2015, the Court entered an Order in the Federal Case instructing the Clerk of the Court to re-docket Lowe's motion as a § 2241 petition in this Court, which eventually resulted in the docketing of this case, 5:15-CV-44-JMH. Thus, contrary to Lowe's assertions, this Court did **not** enter an order in the Federal Case concluding that Lowe was entitled to 304 days of pre-sentence credit.

Second, even if such an order had been entered, a sentencing court lacks authority to order the type of "sentencing credit" which Lowe describes. In *United States v. Wilson*, the United States Supreme Court held that it is the Attorney General, through the BOP, and not the district court, who has the authority to grant credit for time served. 503 U.S. 329, 333 (1992) (construing 18 U.S.C. § 3585(b)); *see also United States v. Carpenter*, 359 F. App'x 553, 557 (6th Cir. 2009); *United States v. Sylvester*, 289 F. App'x 860, 867 (6th Cir. 2008) (applying *Wilson* and rejecting defendant's argument that the district court should have considered his time served); *Castro v. Sniezek*, 437 F. App'x 70, 71 (3d Cir. 2011); *Everett v. Ives*, No. 6:11-180-HRW, 2012 WL 2179097, at *2 (E.D. Ky. June 13, 2012) (the authority to calculate presentence credits "is vested exclusively with the BOP as the delegate of the Attorney General.").

Indeed, according to the BOP's own Program Statement, 5880.28, *Sentence Computation Manual (CCCA of 1984)*, "[s]hould the Judgment

10

and Commitment order make a **recommendation** that a period of time credit be awarded to the sentence that is not authorized, the recommendation may be treated as surplusage and the credit will not be allowed. No letter need be written to the court that the time was not awarded." *Id.*, page 1-27 (emphasis in original).[5] A district court can grant relief under § 2241 when sentencing credits have been miscalculated, *United States v. Chase*, 104 F. App'x 561, 562 (6th Cir. 2004) (citing *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993)), but in Lowe's case, no such miscalculations have occurred.

The applicable statute provides that a federal prisoner begins serving a term of imprisonment on the date he is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served. 18 U.S.C. § 3585(a). As the BOP officials at all three levels explained during the administrative remedy process, the earliest date on which Lowe could have begun serving his federal sentence was November 12, 2010, the date on which his federal sentence was imposed. *See* BOP Program Statement 5880.28, *Sentence Computation Manual (CCCA of*

---

[5] A sentencing court has authority, under Guidelines § 5G 1.3(c), to fashion a sentence that accounts for time already served, and "credit for time served on a pre-existing state sentence is within the exclusive power of the sentencing court." The Guidelines caution sentencing courts that, "[t]o avoid confusion with the Bureau of Prisons' exclusive authority provided under 18 U.S.C. § 3585(b) to grant credit ... any downward departure under application note [3(E) in § 5G1.3] be clearly stated ... as a downward departure pursuant to § 5G 1.3(c), rather than as a credit for time served." *United States v. Gaskins*, 393 F. App'x 910, 914 (3d Cir. 2010) (internal citations and quotation marks omitted).

*1984)*; 18 U.S.C. § 3585(a).  But by granting a *nunc pro tunc* designation[6] of the state prison facility where Lowe served his two states sentences (imposed in the First State Case and the Second State Case), the BOP has effectively determined that Lowe began serving his federal sentence on November 12, 2010, the date on which his federal sentence was imposed, instead of waiting until April 2, 2011, the date on which Lowe was physically released from state custody and actually entered into federal custody. Therefore, the BOP has properly determined that Lowe began serving his 76-month federal sentence on the earliest possible date allowed by federal law, which was November 12, 2010.

Further, the ten-month/304-day period of time which Lowe served in state custody between January 21, 2010, and November 12, 2010, was applied to his two state sentences, from which he was not released until April 2, 2011.  As the three BOP officials further explained, 18 U.S.C. § 3585(b) permits credit against a federal sentence only for time "that has not been credited against another sentence."  That vital caveat means that time which has previously been credited towards service of a state sentence may not also be "double counted" as credit against a federal sentence.  Therefore, crediting Lowe's federal sentence with 304 days of time which he

---

[6] The BOP's action in this respect was authorized by the ruling set forth *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), in which the Third Circuit held that 18 U.S.C. § 3621(b) authorizes the BOP to retroactively designate a state prison as the place where a federal defendant will serve his or her sentence.  The practical effect of such a designation is to grant the federal prisoner credit against his or her federal sentence for all of the time spent in state custody, in effect serving the two sentences concurrently.  *Barden*, 921 F.2d at 480.

spent in primary state custody between January 21, 2010, and November 12, 2010, would result in the award of improper double credit, a result which § 3585(b) prohibits. *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003); *Garrett v. Snyder*, 42 F. App'x 756 (6th Cir. 2002); *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368, at *2 (6th Cir. Sept. 27, 2000); *McClain*, 9 F.3d at 505.

Further, the BOP officials correctly determined that between January 21, 2010, and November 12, 2010, Lowe was in the primary custody of state KDOC officials, and was only secondarily in the custody of federal officials. In *Ponzi v. Fessenden*, 258 U.S. 254, 260–262, 42 S. Ct. 309, 66 L. Ed. 607 (1922), the Supreme Court first recognized the doctrine of primary custody, to provide an orderly method of prosecuting an individual who has violated the law of more than one sovereign.

Under this doctrine, the sovereign that first arrests an individual has primary control or custody over him; its claim over him has priority over all other sovereigns that subsequently arrest him; it is entitled to have him serve a sentence that it imposes, before he serves any sentence imposed by another sovereign; and it retains this priority, unless and until it has relinquished its jurisdiction to some other sovereign. *Id.*; *see also United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005); *United States v. Collier*, 31 F. App'x 161, 162 (6th Cir. 2002); *Bowman v. Wilson*, 672 F.2d 1145, 1153-54 (3d Cir. 1982); *In re Liberatore*, 574 F.2d

13

78, 88–89 (2nd Cir. 1978); *Rambo v. Hogsten*, No. 10-116-ART, 2010 WL 4791970 at *4 (E.D. Ky. Nov.17, 2010) ("When a defendant violates the laws of two different sovereigns, the rule is that the sovereign which first arrests him acquires the right to prior and exclusive jurisdiction over him.") (internal quotations omitted).

Primary custody continues until the sovereign that first arrested an individual has relinquished its jurisdiction in some way. *See Banks v. United States*, No. 2:12-CV-2175, 2013 WL 3564135, at *2 (W.D. Tenn. July 11, 2013) (citing *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980); *accord Jones v. Farley*, No. 4:12-CV-0671, 2012 WL 4506002, at *3 (N.D. Ohio Sept. 28, 2012). Federal custody does not commence until state authorities relinquish the prisoner on satisfaction of his state obligation. *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000); *Jake v. Herschberger*, 173 F.3d 1059 (7th Cir. 1999).

When a prisoner is taken into federal custody under a writ of habeas corpus *ad prosequendum*, as was the case with Lowe, the state retains primary jurisdiction over him, and primary jurisdiction is not transferred to federal authorities. *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368, at *2 (6th Cir. September 27, 2000) (Table); *United States v. Evans*, 159 F.3d 908, 911-12 (4th Cir. 1998); *Wardell v. Wilson*, No. 10-CV-294-GFVT, 2011 WL 6027072, at *3 (E.D. Ky. Dec. 5, 2011). Here, the Commonwealth of Kentucky was the first sovereign to arrest Lowe and charge him with drug offenses in

the First State Case, then later, in another county, in the Second State Case. The Commonwealth of Kentucky did not relinquish primary custody over Lowe until April 2, 2011, the date on which Lowe satisfied his two state sentences.

During the ten-month time period between January 21, 2010, and November 12, 2010, Lowe was only "borrowed" by federal authorities while in their custody pursuant to a writ of habeas corpus *ad prosequendum*, and he remained in the primary custody of the Commonwealth of Kentucky. The imposition of the federal sentence on November 12, 2010, did not discharge Lowe's obligation to satisfy the remaining, or "undischarged," portion of his two state sentences. *See Nguyen v. Department of Justice*, 173 F.3d 429 (Table), 1999 WL 96740 (6th Cir. Feb. 3, 1999) (Unpublished decision) (holding that time spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum*, while serving a state sentence, cannot be applied to a federal sentence because the time has been credited to the state sentence); *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003).

Thus, under the doctrine of primary custody, Lowe could not have begun serving his federal sentence until he fully completed service of his two state sentences on April 2, 2011. But as discussed, that April 2, 2011, federal "commencement date" was moved forward to November 12, 2010, because Lowe's federal sentence was ordered to run concurrently with his two previously imposed

15

state sentences. As a result of Lowe's federal sentence running concurrently with his two prior sentences, and the BOP's *nunc pro tunc* designation, the BOP has determined that the commencement date of Lowe's federal sentence was November 12, 2010, instead of April 2, 2011. In doing so, the BOP has effectively "credited" Lowe's federal sentence with almost five months of time that he spent confined in state custody, between November 12, 2010, and April 2, 2011. Lowe has therefore received all of the benefit that this Court intended him to receive by ordering his federal sentence to run concurrently with his two previously imposed state sentences.

Finally, the BOP has properly applied to Lowe's federal sentence the only pre-sentence credit to which he was entitled: 160-days of *Willis* credits, representing the time that Lowe served in state custody between June 24, 2008 (the date on which his federal conspiracy offense ended) and December 1, 2008 (the date on which he was sentenced in the First State Case). All of the time which Lowe spent in state custody between December 1, 2008, and April 2, 2011 (which included the 304-day period of time at issue in this proceeding) was applied to his two state sentences, the First State Case (a five-year prison term) and the Second State Case (a consecutive 18-month prison term). But again, Lowe was able to obtain an almost five-month "jump" on that April 2, 2011, date because the BOP's *nunc pro tunc* designation allowed him to begin serving his 76-month federal sentence on November 12, 2010,

16

instead of April 2, 2011, the date on which he actually came into primary federal custody.

In summary, the BOP has properly credited Lowe's federal sentence with **all** of the pre-sentence credit to which he is entitled. The Court will therefore deny Lowe's habeas petition because he is not entitled to the ten months/304 days of additional sentence credit which he seeks in this § 2241 proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1) The Clerk of the Court shall mail a copy of this Memorandum Opinion and Order to Petitioner Steven D. Lowe at the following address: Steven D. Lowe, BOP Register No. 13475-032, FCI-Petersburg Medium, Federal Correctional Institution, P. O. Box 1000, Petersburg, Virginia, 23804.

(2) Lowe's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED.**

(3) The Court will enter an appropriate Judgment.

(4) This matter is **STRICKEN** from the docket.

This June 18, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge